**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| S. H., a minor, by and through her Guardian Ad Litem Stephen Hollister; STEPHEN HOLLISTER; LEAPHIDA HOLLISTER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> TUSTIN UNIFIED SCHOOL DISTRICT, <br><br> Defendant-Appellee. | No.  15-55701 <br><br> D.C. No. 8:14-cv-00413-CJC-AN <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 10, 2017
Pasadena, California

Before:  SCHROEDER and MURGUIA, Circuit Judges, and GLEASON,[**] District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Plaintiffs-Appellants ("Appellants") are the parents of a special education student, S.H., who suffers from Dravets syndrome and who resides in the Tustin Unified School District ("Tustin"). Tustin proposed, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., changing S.H.'s education placement from a program operated by the Orange County Department of Education to a Tustin-run special day class. Tustin made its placement offer on March 11, 2013, following the last of six triennial Individualized Education Program ("IEP") meetings, but Appellants refused to consent to Tustin's placement offer. Tustin and Appellants separately filed due process actions. An Administrative Law Judge ("ALJ") for the California Office of Administrative Hearings consolidated the cases and held hearings over six days, receiving evidence and hearing testimony from twelve witnesses involved in S.H.'s IEP process. The ALJ ultimately held that Tustin would provide S.H. with a free appropriate public education ("FAPE") and therefore Tustin could go forward with the placement. The district court granted summary judgment in favor of Tustin. The parents appeal. Appellants claim first that Tustin failed to adequately involve Appellants in arriving at the placement decision and failed to provide procedurally compliant Prior Written Notice of the decision. Second, Appellants claim that Tustin denied S.H. a FAPE by predetermining S.H.'s placement before the final

2

IEP meeting.  We need not reach Tustin's claim that an earlier settlement has preclusive effect.  The appeal is not moot.  *See Sacramento City Unified Sch. Dist. v. Rachel H.*, 14 F.3d 1398, 1403 (9th Cir. 1994).  We afford particular deference to the ALJ decision because it was thorough and careful.  *R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 937 (9th Cir. 2007).

The record clearly shows that Appellants were provided adequate—and arguably extraordinary—opportunities to participate in the placement decision.  Appellants visited the proposed placement multiple times, before and after the placement decision.  And at least one of the Appellants attended and participated in every IEP meeting, effecting many changes to the plan.  Just because Appellants and a number of IEP team members did not actually voice concerns over the placement at the March 11 meeting does not mean that Appellants did not have the opportunity or information necessary to do so.  *See Doug C. v. Hawaii Dep't of Educ.*, 720 F.3d 1038, 1044 (9th Cir. 2013) ("The public agency responsible for providing education to children with disabilities is required to take steps to ensure that one or both of the parents of a child with a disability are present at each IEP meeting or are afforded an opportunity to participate . . . .") (internal citations and quotations omitted); *cf. W.G. v. Bd. of Trustees of Target Range Sch. Dist. No. 23,*

3

*Missoula, Mont.*, 960 F.2d 1479, 1484–85 (9th Cir. 1992) (finding a denial of FAPE where required participants were not actually present for IEP proceedings).

We also find that even if Tustin did not provide compliant Prior Written Notice, any error was harmless. *See Doug C.*, 720 F.3d at 1043. The parents were already on notice of the placement decision, and the extensive IEP notes and Tustin's due process complaint provide "a clear record that will do much to eliminate troublesome factual disputes many years later about when [and] what placements were offered, and what additional educational assistance was offered to supplement a placement, if any." *See Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1526 (9th Cir. 1994).

The ALJ concluded that Tustin did not unlawfully predetermine S.H.'s placement. This finding is supported by the evidence, including testimony that Tustin was open-minded in regard to the placement offer and all other decisions during the IEP. *See JG v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 801 n.10 (9th Cir. 2008) (concluding that a district's circulation of draft proposals prior to IEP discussions does not, without some other evidence, amount to a "take it or leave it" position).

The district court did not err in granting summary judgment in favor of Tustin.

**AFFIRMED**.